IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00072-MR

| | |
|---|---|
| IN RE: ) <br> ) <br> **KIM LOUISE HARPER** ) <br> _____ ) <br> ) <br> **KIM LOUISE L. HARPER,** ) <br> ) <br>            **Appellant,** ) <br> ) <br>    vs. ) <br> ) <br> **DAVID SCHULTE, et al.,** ) <br> ) <br>            **Appellees.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Appellant's Motion for Exemption from Payment of the PACER User Fee [Doc. 8] and the Appellant's Motion to Extend Time to File Appellant's Opening Brief [Doc. 9].

By her first motion, the Appellant requests that the Court exempt her from payment of access fees for the Public Access to Court Electronic Records ("PACER") system. [See Doc. 8]. For grounds, the Appellant states that she is indigent and that exemption from PACER fees "is necessary in order to avoid unreasonable burdens and to promote public access to information." [Id. at 2].

PACER allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." See In re Gollan, 728 F.3d 1033, 1035 (9th Cir. 2013). "PACER charges user fees to cover the costs of maintaining the service." Blackwell v. Soc. Sec., No. 23-CV-1865 (JRT/TFD), 2024 WL 169107, at *1 (D. Minn. Jan. 16, 2024); see also Luehring v. Los Angeles Cnty., No. 2:21-cv-01426, 2021 WL 4533275, at *1 (C.D. Cal. Aug. 4, 2021). However, "to ensure the fees do not impair public access to the courts," certain exemptions exist "for classes of persons for whom fees would be an unreasonable burden." In re Gollan, 728 F.3d at 1035 (internal quotation marks omitted). Specifically, the following fee exemptions are automatic:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

<u>See</u> United States Courts, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed May 14, 2024). In addition to these automatic exemptions, the Court may, in its discretion, grant a fee exemption where it finds "that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" <u>Id.</u>

As noted above, the automatic exemptions provide *pro se* litigants, such as the Appellant, with a free copy of all the documents filed in their cases. Thus, the Appellant can access all of the judicial opinions and download every document related to her bankruptcy appeal without incurring any PACER fees. Accordingly, the Appellant has not demonstrated that the Court needs to waive her PACER fee to ensure her access to documents in her case. The Appellant's motion to exempt her from PACER fees is therefore denied.

By her second motion, the Appellant seeks an extension of time to file her opening brief. [Doc. 9]. The Court will grant the Appellant's request, and the deadline for the filing of the Appellant's appellate brief will be extended to May 24, 2024.

Finally, the Court notes that a number of items that were mailed to the Appellant at her Asheville address have been returned to the Clerk's Office as "undeliverable." [See Docs. 5, 6, 10]. In her motion for an extension of time the Appellant states that she "is not in Asheville." [Doc. 9 at 2]. However, she continues to list an Asheville address as her address of record. [See id. at 3]. It is the Appellant's responsibility to keep the Court apprised of her current address at all times. The Appellant will be required to file a Notice of Change of Address with the Court within fourteen (14) days of this Order. If the Appellant fails to timely comply, her appeal may be dismissed for lack of prosecution.

**IT IS, THEREFORE, ORDERED** that the Appellant's Motion for Exemption from Payment of the PACER User Fee [Doc. 8] is **DENIED.**

**IT IS FURTHER ORDERED** that the Appellant's Motion to Extend Time to File Appellant's Opening Brief [Doc. 9] is **GRANTED**, and the Appellant shall have through and including **May 24, 2024**, within which to file her appellate brief.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Appellant shall file a Notice of Change of Address with the Court. If the Appellant fails to timely comply, her appeal may be dismissed for lack of prosecution.

**IT IS SO ORDERED.**

Signed: May 15, 2024

Martin Reidinger
Chief United States District Judge