IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00072-MR
BANKRUPTCY CASE NO. 1-23-bk-10104

| | |
|---|---|
| IN RE: ) <br> ) <br> KIM LOUISE HARPER, ) <br> ) <br>              Debtor. ) <br> _____ ) <br> ) <br> KIM L. HARPER, ) <br> ) <br>              Appellant, ) <br> ) <br>     vs. ) <br> ) <br> DAVID SCHULTE, ) <br> ) <br>              Appellee. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the appeal by Kim L. Harper of the Bankruptcy Court's March 15, 2024 Order [BK 23-10104, Doc 89][1] granting David Schulte's Motion for Relief from Automatic Stay [CV 1:24-cv-

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either "CV 1:24-cv-00072-MR," denoting that the document is listed on the docket in Civil Case No. 1:24-cv-00072-MR, "BK 23-10104," denoting that the document is listed on the docket in Bankruptcy Case No. 23-10104, the Plaintiff's Chapter 13 bankruptcy case, or "BK 23-01007," denoting that the document is listed in Bankruptcy Case No. 23-01007, the Plaintiff's adversary bankruptcy case.

00072-MR, Doc. 1]. Also before the Court is Kim L. Harper's Response to the Court's Order to Show Cause. [CV 1:24-cv-00072-MR, Doc. 16].

## I. BACKGROUND

On August 13, 2023, Kim L. Harper ("Harper") filed a bankruptcy petition pursuant to Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for Western District of North Carolina. [BK 23-10104, Doc. 1]. On October 12, 2023, Harper converted her Chapter 13 bankruptcy case to a no asset case under Chapter 7. [BK 23-10104, Doc. 1].

On September 6, 2023, the Plaintiff filed an adversary proceeding against David Schulte. [BK 23-01007, Doc. 1]. After hearing, the Bankruptcy Court granted Schulte's Motion for Judgment on the Pleadings on July 19, 2024, and the adversary proceeding was closed. [BK 23-01007, Doc. 27].

On June 1, 2015, Harper's father, Johnnie Harper ("Mr. Harper"), died intestate. [Id.]. On June 28, 2015, Harper qualified as the administrator for Mr. Harper's estate. [Id.]. Before his death, Mr. Harper lived at 96 McClain Street, Asheville, North Carolina (the "Property"). [Id.]. After Harper was removed as the administrator of the estate for reasons not relevant to this matter, the Buncombe County Clerk of Court appointed a new administrator, James M. Ellis ("Administrator"). [Id.].

On November 19, 2018, the Administrator filed a petition to sell the Property in order to pay for funeral expenses and legal costs accrued by Harper. [Id.]. The petition was granted on December 6, 2018, and Harper was evicted from the Property on January 11, 2019. [Id.]. Following public sale of the Property, Appellee David Schulte ("Schulte") purchased the Property. [Id.]. Schulte resides at 26 Dalton Street, Asheville, North Carolina, and a corner of his property borders a corner of the Property. [Id.]. Schulte and Mr. Harper knew each other well before Mr. Harper's death. [Id.].

After purchasing the Property, Schulte remodeled the interior of the house on the Property, spending approximately $75,000. [Id.]. On September 23, 2021, Schulte allowed Harper to move back into the house based on his relationship with Mr. Harper and Harper's health issues. [Id.]. Harper informed Schulte that she would only need to stay for four months. [Id.]. Upon moving in, Harper sent Schulte a $60.00 rent payment through Zelle (the "Payment") with a memo that said, "[t]emporary rental agreement 92321 through 32322. 60 days notice to quit or renegotiate rental terms on 32322" (the "Memo"). [Id.]. Schulte did not solicit the Payment or Memo and did not make any rental agreement with Harper. [Id.].

Harper remained on the Property almost sixteen months after the originally promised four-month period. [Id.]. Schulte made efforts to get Harper to move out on several occasions to no avail, and Harper continued to postpone the date that she said would leave. [Id.]. After giving Harper written notice to vacate by July 24, 2023, Schulte filed a summary ejectment action with Buncombe County Small Claims Court. [Id.]. A hearing was scheduled for August 15, 2023. [Id.]. On August 14, 2023, Harper sent Schulte a text message saying that she had filed a bankruptcy case but did not provide a case number or any other proof of such a filing. [Id.]. The next day, at the hearing, Harper did not appear. [Id.]. Schulte informed the Small Claims Court of Harper's representation that she had filed a bankruptcy case, and the Small Claims Court confirmed that they had no filing or notification relating to a bankruptcy case. [Id.]. The hearing proceeded without Harper, and the Small Claims Court granted Schulte's request for summary ejectment, giving Harper ten days to appeal the judgment. [Id.].

Eight days later, Schulte received notice that the summary ejectment judgment had been withdrawn because Harper had filed her bankruptcy case. [Id.]. Schulte took no further action to enforce the eviction. [Id.]. On February 5, 2024, when Schulte filed his Motion for Relief from the Automatic

Stay, the motion at issue in this appeal, Harper was still living on the Property and had made no additional payments to Schulte. [Id.].

After hearing, the Bankruptcy Court found that Harper had no legal right to remain on the Property and was not covered by any lease to the Property. [Id.]. As such, Harper's bankruptcy petition did not create an automatic stay of Schulte's right to obtain possession of his property. [Id.]. However, based on the conclusion that the automatic stay did apply to Schulte, the Bankruptcy Judge also granted Schulte relief from the stay, allowing him to pursue non-bankruptcy law remedies against the Property. [Id.]. The next day, March 6, 2024, Harper moved for a stay of the Bankruptcy Judge's order pending appeal. [BK 23-10104, Doc. 77]. Her motion was denied. [BK 23-10104, Doc. 95].

On March 15, 2024, Harper filed in this Court her appeal of the Bankruptcy Court's order granting Schulte's Motion for Relief from the Automatic Stay. [CV 1:24-cv-00072-MR, Doc. 1]. On May 28, 2024, Harper filed a brief in support of her appeal. [CV 1:24-cv-00072-MR, Doc. 12]. On June 24, 2024, Schulte filed a brief in response. [CV 1:24-cv-00072-MR, Doc. 13]. On July 15, 2024, Harper filed a reply brief. [CV 1:24-cv-00072-MR, Doc. 15]. On July 29, 2024, Schulte filed a reply brief. [CV 1:24-cv-00072-MR, Doc. 19].

On March 15, 2024, this Court issued an Order directing Harper to file a Notice of Change of Address within fourteen (14) days. [CV 1:24-cv-00072-MR, Doc. 11]. No such filing was made. On July 1, 2024, this Court issued an Order for Harper to show cause as to why her appeal should not be dismissed for failure to comply with the Court's previous Order. [CV 1:24-cv-00072-MR, Doc. 14]. On July 15, 2024, Harper filed a Response to the Court's Order to Show Cause. [CV 1:24-cv-00072-MR, Doc. 16].

## II. STANDARD OF REVIEW

Section 158(a)(1) of Title 28 gives federal district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." Campbell v. Hanover Ins. Co., 457 B.R. 452, 456 (W.D.N.C. 2011); In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015).

## III. DISCUSSION

### A. Appeal of Bankruptcy Court Order

When a bankruptcy petition is filed, most judicial actions against the debtor commenced before the filing of the petition are automatically stayed. See 11 U.S.C. § 362(a)(1). "A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and

this decision may be overturned on appeal only for abuse of discretion." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992), as amended (May 27, 1992). "Abuse of discretion occurs if the court's 'conclusion is guided by erroneous legal principles . . . or rests upon a clearly erroneous factual finding.'" In re Morrone, No. 3:20-CV-500-RJC, 2021 WL 5085349, at *3 (W.D.N.C. Nov. 2, 2021) (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)). The adjudication of a motion for relief from an automatic stay is a final, appealable order. In re Bestwall, LLC, 99 F.4th 679, 685 (4th Cir. 2024).

Harper's arguments on appeal, while somewhat difficult to follow, appear to center on the evidence relied upon by the Bankruptcy Court in granting Schulte's Motion for Relief.[2] [CV 1:24-cv-00072-MR, Doc. 12 at 19]. She contends that Schulte violated the automatic stay by seeking summary ejectment in the Buncombe County Magistrate Court and that Schulte failed

---

[2] Harper also argues in her brief that the adversary proceeding would have had some impact on the Bankruptcy Judge's decision in the Chapter 13 case that she is appealing and that the record in the adversary proceeding would have been relevant to the decision in the Chapter 13 proceeding. [CV 1:24-cv-00072-MR, Doc. 12 at 9]. However, as noted in the procedural history, the Plaintiff's adversary proceeding was dismissed for essentially the same reasons that Schulte's Motion for Relief from Automatic Stay was granted. [BK 23-01007, Doc. 27]. Therefore, Harper's arguments about the effect the adversary proceeding would have had on the relief granted to Schulte are not relevant to this appeal.

to provide any proof to the Bankruptcy Court that Harper owed him any money. [Id. at 19-20].

As to Harper's first argument, the Bankruptcy Court found that Schulte was not willful or malicious in seeking summary ejectment. [BK 23-10104, Doc. 89 at 6]. Although Harper sent a text message to Schulte claiming she had filed a bankruptcy case, when Schulte appeared at the summary ejectment hearing, he had received no notice of the bankruptcy case, and the Buncombe County Clerk of Court had received no information about the bankruptcy case. [Id. at 5]. Schulte, therefore, at the direction of the Small Claims Court, proceeded with the summary ejectment hearing on the reasonable belief that no bankruptcy case had in fact been filed. [Id.]. Furthermore, the Bankruptcy Court found that there was no lease agreement between Harper and Schulte, therefore, the automatic stay never applied to Schule's right to obtain possession of his property. [Id. at 7]. Based on the record before the Bankruptcy Court, this Court does not find any of these findings of fact or conclusions of law to be clearly erroneous.

As to Harper's second argument, that Schulte did not provide proof that Harper owed him money, the Bankruptcy Court's lack of finding on this issue is irrelevant to its ultimate conclusion. It is immaterial to the relief requested by Schulte whether Harper owed him money or not—the only issue is

8

whether Harper had any legal right to remain on the Property or any property interest therein. Based on the lack of lease, Harper's acknowledgment of her obligation to leave the Property, her refusal to leave, and her lack of any promise to perform under a lease, the Bankruptcy Court found that Harper had no right to remain on the property. [Id. at 6-7]. Whether Harper owed Schulte money or not, she had no right to remain on the property and therefore the automatic stay did not apply to Schulte's right to repossession. In re Mason, 527 F. App'x 118, 119-20 (3d Cir. 2013) ("[B]ecause [the debtor] was not a party to the lease for that property, she had no possessory interest, and the lease and property were not part of her bankruptcy estate. Thus, the automatic stay had no effect."); In re Brittain, 435 B.R. 318, 321 (Bankr. D.S.C. 2010) ("[T]he automatic stay does not stay actions against property that is not property of the estate."). This Court finds that the Bankruptcy Court did not abuse its discretion is so finding and in granting Schulte's Motion for Relief.

## B. Show Cause Order

The Court's Order for Harper to show cause resulted from her mail being continually returned to the Court as undeliverable and her failure to provide the Court with an updated address. [CV 1:24-cv-00072-MR, Doc. 14]. In her Response, Harper explains that she has not established a

permanent residence but that her mailing address previously provided to the Court is "stabilized" and can be used going forward. [CV 1:24-cv-00072-MR, Doc. 16]. However, the Court notes that Harper filed two copies of her Response—one from the previously provided address on Merrimon Avenue in Asheville, and another from an address in Tryon. [Docs. 16, 18]. Harper is advised to promptly advise the Court of any future changes in her mailing address.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Court's March 15, 2024 Order [BK 23-10104, Doc 89] granting David Schulte's Motion for Relief from Automatic Stay is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge

10
Case 1:24-cv-00072-MR   Document 20   Filed 07/31/24   Page 10 of 10